PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq. (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:     510/832-5001
Facsimile:      510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
DEBORAH PEREZ


**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
Matthew W. Gross, SBN 324007
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 906.929.1481
FAX: 916.927.3706

Attorneys for Defendants
CITY OF SOUTH LAKE TAHOE and COUNTY OF EL DORADO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH PEREZ,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF SOUTH LAKE TAHOE;<br>COUNTY OF EL DORADO,<br><br>        Defendants. | Case No. 2:21-cv-02234-JAM-KJN<br>Civil Rights<br><br>**CONSENT DECREE AND<br>ORDER FOR INJUNCTIVE ONLY**<br><br>Action Filed: December 3, 2021 |

1. Plaintiff DEBORAH PEREZ filed a Complaint in this action on December 3, 2021, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws and to obtain recovery of damages for discriminatory experiences, denial of access, and denial of civil rights against Defendants CITY OF SOUTH LAKE TAHOE and COUNTY OF EL DORADO, collectively

("Defendants"). Plaintiff has alleged that Defendants violated Titles II of the ADA, sections 51, 54, 54.1 and 54.3, of the California Civil Code, and California Government Code sections 4450 *et seq.* by failing to provide full and equal access to users of Campground by the Lake located at 1150 Rufus Allen Blvd., South Lake Tahoe, California. Defendants deny liability for Plaintiff's claims.

2. In order to avoid the costs, expense, and uncertainty of protracted litigation, Plaintiff and Defendants (together sometimes the "Parties") agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief raised in the Complaint without the need for protracted litigation. The Parties have resolved the monetary issues in this case with a separate settlement agreement. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for relief.

**JURISDICTION:**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Civil Code sections 51, 54, and 54.1.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

4. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint.

5. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the

California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards for Accessible Design, unless other standards are specifically agreed to in this Consent Decree and Order.

    a. **Physical Remedial Measures and Administrative Procedures:**

        i. Defendant City of South Lake Tahoe agrees to create a decompressed granite pathway from one campsite to the nearest restroom by June 30, 2022, subject to any severe weather conditions which might cause a temporary delay in the project.

        ii. Defendant City of South Lake Tahoe will create five ADA compliant paved campsites as part of the campground renovation that is included in the "56 Acres Master Plan" which will be completed at a time currently unknown. The City is in the planning process for Phase 1 of the 56 Acres Master Plan which will require closure of a large portion of the campground. Phase 2 of the 56 Acres Master Plan, which includes the campground renovation, will begin in approximately 2024 and will include the compliant campsites. The campground renovation is anticipated to conclude in approximately 2030 but no firm date has been set.

    b. **Timing**: Defendant City of South Lake Tahoe will complete each item on the schedule as stated in this Consent Decree. In the event that unforeseen difficulties or good faith, reasonable construction or administrative related delays prevent Defendant from completing any of the agreed-upon injunctive relief, Defendant or their counsel will notify Plaintiff's counsel in writing within seven (7) days of discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer with Defendant, and to approve the delay by stipulation or otherwise respond to Defendant's notice. If the Parties cannot reach agreement regarding the delay within that time

        period, Plaintiff may seek enforcement by the Court

    c.    Defendant City of South Lake Tahoe or defense counsel will notify Plaintiff's counsel when the corrective work is completed, and, whether completed or not, upon request by Plaintiff's counsel, will provide a status report to Plaintiff's counsel within 30 days of such request.

    d.    If Defendants City of South Lake Tahoe fails to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiff file a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorney's fees for any compliance work necessitated by Defendant's failure to keep this agreement.  If the Parties disagree, the parties agree to participate in a Magistrate Judge-conducted Settlement Conference for the purposes of resolving the disputed fees.  If the Settlement Conference fails to resolve the fee dispute, Plaintiff may seek relief via motion for an order directing the Defendant City of South Lake Tahoe to pay Plaintiff's counsel reasonably incurred fees.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

6.    The Parties have reached a separate settlement agreement regarding Plaintiff's claims for damages, attorneys' fees, and litigation expenses, which agreement fully and finally resolves Plaintiff's claims for damages, including attorneys' fees and litigation costs and expenses against Defendant.

**ENTIRE CONSENT DECREE AND ORDER:**

7.    This Consent Decree and Order constitute the entire agreement between the signing Parties on the matters of injunctive relief, damages, attorneys' fees, litigation expenses, and costs, and no other statement, promise, or agreement, either written or oral,

made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

8.   This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest.  Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

9.   Except for all obligations required in this Consent Decree and Order each of the Parties to this Consent Decree and Order, on behalf of each of their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

10.   Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed.  Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order.  Therefore, except for all obligations required in this Consent

Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

11.     Except for all obligations required in this Consent Decree and Order each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

12.     This Consent Decree and Order shall be in full force and effect for a period of thirty-six (36) months after the date of entry of this Consent Decree and Order by the Court. The Consent Decree and Order shall automatically terminate thirty-six (36) months after the date of entry of this Consent Decree and Order by the Court or on an earlier date if a motion to terminate the Consent Decree is filed and granted by the Court.

**SEVERABILITY:**

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

1  Dated: April 7, 2022           PLAINTIFF DEBORAH PEREZ

                                  _____
                                  DEBORAH PEREZ

6  Dated: _____, 2022        DEFENDANT CITY OF SOUTH LAKE TAHOE

                                  By: _____
                                  Print name: _____
                                  Title: _____

Approved as to form:

Dated:  4/7  , 2022               REIN & CLEFTON

                                  _____
                                  By: AARON M. CLEFTON, ESQ.
                                  Attorneys for Plaintiff
                                  DEBORAH PEREZ

Dated:  4/11  , 2022              PORTER SCOTT
                                  A PROFESSIONAL CORPORATION


                                  _____
                                  By: MATTHEW GROSS, Esq.
                                  Attorney for Defendants
                                  CITY OF SOUTH LAKE TAHOE and COUNTY
                                  OF EL DORADO

- 8 -

CONSENT DECREE AND [PROPOSED] ORDER
Case No. 2:21-cv-02234-JAM-KJM

| | | |
|---|---|---|
| 1 | Dated: _____, 2022 | PLAINTIFF DEBORAH PEREZ |
| 2 | | |
| 3 | | _____ |
| 4 | | DEBORAH PEREZ |
| 5 | | |
| 6 | Dated: 4/8, 2022 | DEFENDANT CITY OF SOUTH LAKE TAHOE |
| 7 | | By: *Joseph D...* |
| 8 | | Print name: Joseph D. Irvin |
| 9 | | Title: City Manager |

Approved as to form:

Dated: _____, 2022     REIN & CLEFTON

_____
By: AARON M. CLEFTON, ESQ.
Attorneys for Plaintiff
DEBORAH PEREZ

Dated: _____, 2022     PORTER SCOTT
A PROFESSIONAL CORPORATION

_____
By: MATTHEW GROSS, Esq.
Attorney for Defendants
CITY OF SOUTH LAKE TAHOE and COUNTY OF EL DORADO

- 8 -

CONSENT DECREE AND [PROPOSED] ORDER

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: April 11, 2022

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE